UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                          |   |                                  |
|------------------------------------------|---|----------------------------------|
| SCOTT ROBINSON,                          | ) |                                  |
|                                          | ) |                                  |
| PLAINTIFF,                               | ) |                                  |
|                                          | ) |                                  |
| v.                                       | ) | Civil Action No. 16-cv-0920 (KBJ) |
|                                          | ) |                                  |
| BARACK HUSSEIN OBAMA II,                 | ) |                                  |
| *President of the United States, et al.*,| ) |                                  |
|                                          | ) |                                  |
| DEFENDANTS.                              | ) |                                  |

## **MEMORANDUM OPINION**

Pro se petitioner Scott Robinson ("Petitioner") has filed the instant Petition for a Writ of Habeas Corpus ("Petition") against President Barack Obama and Jared Cooney Horvath (collectively, "Respondents") (Pet., ECF No. 1.) The Petition alleges that Respondents have chosen Petitioner "against my will for an exploratory program with no prior knowledge to be a human subject during a research study with no option to physically refuse[.]" (*Id.* at 2.)[1] Petitioner further alleges that, because of a "contractual agreement signed between Barack Obama [a]nd the corporation acting in conjunction with Jared Cooney Horvath[,]" Petitioner's "freedom has been compromised due to being a forced human research subject with frequency technology which is being operated remotely through a satellite network in conjunction with GIS technology that was affixed to me on April 15, 2015." (*Id.* at 6; *see also id.* at 2–3, 7 (explaining that "I have contacted the US DOJ several hundred times[]" but that "law

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

enforcement has been obstructed by Presidential Order/Agreement authorizing a study of technology which allowed a party to be chosen on the basis that they be involved with a criminal enterprise and modeled against radical extremist thinkers, particularly in regards to Jihadist Muslims"). Petitioner requests that this Court issue a written order "removing me from Obama Approved Study program" (*id.* at 8); however, Petitioner alleges no facts that demonstrate the existence of any such program and/or Petitioner's unlawful detention with respect to it. A petitioner must demonstrate that the respondent is "responsible for significant restraints on the petitioner's liberty[]" in order to sustain a petition for a writ of habeas corpus, *In re Petitioners Seeking Habeas Corpus Relief in Relation to Prior Detentions at Guantanamo Bay*, 700 F. Supp. 2d 119, 127 (D.D.C. 2010), *aff'd sub nom. Chaman v. Obama*, No. 10-5130, 2012 WL 3797596 (D.C. Cir. Aug. 10, 2012), and here, Petitioner's claims are patently insubstantial, as explained below. Therefore, this Court lacks subject matter jurisdiction over the Petition, and the instant matter must be **DISMISSED**.

## ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id.* (citation omitted). It is also clear that a federal judge may act *sua sponte* to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *see Hurt v. U.S. Ct. of Appeals for the D.C. Cir.*, 264 F. App'x. 1, 1 (D.C. Cir. 2008),

2

including claims so "patently insubstantial" that no federal question suitable for decision can be discerned. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

The D.C. Circuit has long asserted that "[p]atently insubstantial" claims are those that are "essentially fictitious" and "absolutely devoid of merit," including "bizarre conspiracy theories [or] any fantastic government manipulations of their will or mind[.]" *Id.* at 330–31 (quotation marks omitted); *see also, e.g.*, *Hu v. U.S. Dep't of Def.*, No. 13-5157, 2013 WL 6801189, at *1 (D.C. Cir. Dec. 11, 2013) (district court properly dismissed complaint under Fed. R. Civ. P. 12(b)(1), where "its factual allegations were 'essentially fictitious,' involving a fantastic scenario of a vast government conspiracy to interfere in appellant's daily life, including through the implantation of a micro tracker in her mouth and use of electromagnetic radiation weapons"), *cert. denied* 135 S. Ct. 90 (Oct. 6, 2014)*; Odems v. Wal-Mart Stores, Inc.*, No. 14cv1790, 2015 WL 2120634, at *1–2 (D.D.C. May 6, 2015) (dismissing complaint under Fed. R. Civ. P 12(b)(1), where plaintiff alleged that defendants had implanted a nano-chip in his brain and had benefitted financially from the information the chip collected); *Moore v. Bush*, 535 F. Supp. 2d 46, 48 (D.D.C. 2008) (dismissing case under Fed. R. Civ. P. 12(b)(1), where plaintiff alleged that a conspiracy "led to the implantation of a micro-chip in his head and use of brain wave technology to disrupt his life").

The claims alleged in the instant Petition are of a similar nature. (*See, e.g.*, Attach. 1 to Pet., ECF No. 1-1, at 1) ("My fiancé and I have been (with purpose) forced to be human subjects within an on-going research study . . . relating to research and development (R&D) of satellite communications technology computer application . . . .

The program is specific to one private research firm, whom are doing this to two specific parties, myself and my fiancé[, and] [t]his program has been extremely volatile to our lives and has made us almost rejected by family, friends, and colleagues when we attempt to convey the matter, as if it were a story from the X-files."). The specific allegations that Petitioner makes regarding being a "forced human research subject with frequency technology" against his will (Pet. at 6) pursuant to a contract that President Obama personally entered into with a private corporation (*id.* at 9) are clearly of the type that courts routinely dismiss as patently insubstantial under Fed. R. Civ. P. 12(b)(1). *See, e.g., Custis v. CIA*, 118 F. Supp. 3d 252 (D.D.C. 2015) (dismissing habeas petition as patently insubstantial where petitioner alleged that respondents had implanted a GPS device into her skull and were surveilling her); *see also Hu*, 2013 WL 6801189, at *1; *Odems*, 2015 WL 2120634, at *1–2; *Moore*, 535 F. Supp. 2d at 48. And even when the instant Petition is considered in light of the "less stringent standards" to which federal courts hold pro se litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a different outcome is not required here.

Thus, Petitioner has failed to meet his burden of establishing that this Court has subject matter jurisdiction over his Petition, and as set forth in the separate, final Order accompanies this Memorandum Opinion, this case must be dismissed.[2]

DATE: July 13, 2016

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[2] Dismissal for lack of subject matter jurisdiction in a habeas case is subject to the same standards as dismissal for lack of subject matter jurisdiction in other civil cases. *See Custis*, 118 F. Supp. 3d at 255 n.4 (citations omitted).